OPINION
{¶ 1} Appellant Paulie Berry, the natural mother of Gabriella Berry, a minor child, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, which granted permanent custody of Gabriella to the Department of Job and Family Services and terminated the parental rights of appellant and Gabriella's natural father, Brian Cottrell. Cottrell is not a party to this appeal. Appellant assigns a single error to the trial court:
 {¶ 2} "The judgment of permanent custody was against the manifest weight and sufficiency of the evidence."
 {¶ 3} The record indicates Gariella Berry was born on July 1, 2000. The Department of Job and Family Services first became involved with Gabriella in August of 2001. The trial court gave Job and Family Services temporary custody of Gabriella, and adopted its reunification case plan. The case plan required appellant to maintain housing, attend parenting classes, refrain from drug use, and follow through with the recommendations of her psychiatric and psychological evaluation.
 {¶ 4} On September 4, 2002, the trial court found Job and Family Services had made reasonable efforts to reunify the family, that the parents had failed for at least six months to remedy the reasons for Gabriella's removal from their home, that the parents would be unable to provide an adequate home for her within the next year, and that it was in her best interest to be placed into the permanent custody of JFS.
 {¶ 5} Appellant maintained the grant of permanent custody to JFS is against the manifest weight and sufficiency of the evidence. As appellant points out, the concept of sufficiency of the evidence is fundamentally different from manifest weight of the evidence, see Statev. Thompkins (1997), 78 Ohio St.3d 380. Sufficiency of the evidence refers to the legal standard which the court applies to determine whether JFS has produced sufficient evidence on each element it must prove. Weight of the evidence concerns the amount of the credible evidence offered by JFS in support of its case.
 {¶ 6} R.C. 2151.414(B)(1) requires the trial court to find by clear and convincing evidence that permanent custody is in the best interest of the child, and the child cannot or should not be placed with either parent within a reasonable time. R.C. 2151.414 (E) sets forth the factors the trial court should consider in determining whether the child can be placed with either parent within a reasonable time. The trial court found pursuant to R.C. 2151.414(E)(1) that notwithstanding reasonable case planning and diligent efforts by JFS to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parents have failed continuously and repeatedly to substantially remedy those conditions.
 {¶ 7} Appellant argues it was against the manifest weight and sufficiency of the evidence for the trial court to conclude that JFS had made reasonable case planning and diligent efforts. Appellant testified JFS case workers had interfered with her visitation rights and discouraged the efforts of others to be foster parents.
 {¶ 8} The Revised Code directs the court to consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources available to the parents for purpose of changing parental conduct which would allow them to resume and maintain their parental duties. In this case, the court heard testimony from a psychologist who had evaluated appellant, and who testified treatment of appellant's psychological condition is very difficult and requires many years of cooperation by the patient.
 {¶ 9} An outpatient therapist at Personal Family Counseling testified appellant's attendance in therapy was sporadic, and appellant's multiple mental health issues made assessment and treatment very complicated.
 {¶ 10} The case manager for Job and Family Services testified appellant had not demonstrated she had acquired and maintained stable housing, had failed to pursue counseling, and had not been assessed regarding substance abuse. Appellant had successfully completed a parent education course. The case worker testified there had been past incidents of domestic violence, and appellant had become threatening and aggressive with staff at Job and Family Services.
 {¶ 11} Our review of the above, and the record, leads us to conclude the trial court was correct in finding there was competent and credible evidence upon which the trial court could determine by clear and convincing evidence that Gabriella could not and should not be returned to the custody of her mother within a reasonable time.
 {¶ 12} The assignment of error is overruled.
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.
permanent custody — manifest weight.